UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| HEATHER COOKSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-CV-219-SNLJ |
| | ) |
| ALLIANCE BANK, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Heather Cooksey brought this lawsuit against defendant Alliance Bank, alleging retaliation under the Emergency Paid Sick Leave Act ("EPSLA"). Defendant has moved to dismiss, and the motion has been fully briefed and is ready for disposition.

**I.    Factual Background**

For the purposes of this motion to dismiss, the facts alleged in the complaint are presumed true. In the spring of 2020, Congress enacted several emergency laws, collectively referred to as the Families First Coronavirus Relief Act (the "FFCRA"), intended to immediately address the various, urgent needs of citizens facing the global COVID-19 pandemic. The laws included the Emergency Family and Medical Leave Expansion Act (the "EFMLEA") and the EPSLA.

Plaintiff worked for Alliance Bank as Assistant Vice President/Branch Manager for the New Madrid branch since September 3, 2019. On July 12, 2020, plaintiff learned that she had been exposed to COVID-19 while attending her mother's funeral on July 9. Plaintiff communicated with her supervisors that her doctor's office advised her to

remain under quarantine while she was being tested for and experiencing symptoms of COVID-19.  Plaintiff stayed home from work while under quarantine and awaiting results.  Plaintiff's supervisors sent plaintiff emails asking why she could not return to work, and plaintiff explained that she was awaiting further test results regarding her symptoms.  Plaintiff's doctor "reluctantly" gave her a "Return to Work" form on July 24, allowing plaintiff to return to work on July 27.

Plaintiff returned to work on July 27 and was "chastised" during an hour-long meeting regarding the time off she took while addressing her COVID-19 symptoms and exposure.  She was criticized for not returning to work on July 25 even though her "Return to Work" form advised she should wait until July 27.  Her supervisor also told plaintiff she did not adequately "check in with the team" while she was out.  Supervisors also suggested that plaintiff had not been forthcoming with her COVID-19 symptoms when they asked despite the fact plaintiff says she had told them she had a fever, headache, and sore throat.  Plaintiff was sent home that day instead of being allowed to work. When asked if she were being fired, they told her she was "on probation."

On July 28, plaintiff returned to work and was asked by a supervisor whether she acknowledged that she had done something wrong regarding taking leave related to the COVID quarantine.  She told them that she had not done anything wrong.  Plaintiff was then told to clean out her desk and was terminated.

Plaintiff filed this lawsuit on October 15, 2020, alleging she had been terminated in retaliation for taking leave due to concerns regarding COVID-19. Count I is for EPSLA retaliation, and Count II is for violation of Missouri Public Policy.

Defendant has moved to strike or dismiss plaintiff's Count I because defendant says it seeks unrecoverable damages, and defendant moves to dismiss Count II as preempted by the Missouri Whistleblower's Protection Act.

## II.     Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). In addressing a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. *United States ex rel. Ambrosecchia v. Paddock Laboratories, LLC*., 855 F.3d 949, 954 (8th Cir. 2017). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the prior "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 555. A complaint must set forth factual allegations which are enough to "raise a right to relief

3

above the speculative level." *Id.* at 555. However, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Cole v. Homier Distributing Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Rule 12(f) provides that the Court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The permissive wording of the rule grants liberal discretion to district courts to strike pleadings under Rule 12(f)." *Kay v. Sunbeam Prods., Inc.*, No. 2:09-cv-4065, 2009 WL 1664624, *1 (W.D. Mo. June 15, 2009). Under Rule 12(f), "a prayer for relief not available under the applicable law, or which asserts a damage claim in excess of the maximum recovery permitted by law, is properly subject to a motion to strike." *Spinks v. City of St. Louis Water Div.*, 176 F.R.D. 572, 574 (E.D. Mo. 1997).

**III.   Discussion**

Each count is discussed in turn.

**A.   Count I**

Plaintiff's Count I for retaliation in violation of EPSLA seeks damages including back pay, front pay, liquidated damages, interest, attorneys' fees, and punitive damages. [#1 at p. 9.] The anti-retaliation provisions of the FFCRA are set forth in the EPSLA, which in turn uses the enforcement mechanisms of the Fair Labor Standards Act ("FLSA") set forth in 29 U.S.C. § 216(b).  EPSLA entitles certain employees to take up to two weeks of paid sick leave for qualifying absences related to the COVID-19

4

pandemic. And, any employer who willfully violates the Act's leave requirement "shall be considered to have failed to pay minimum wages in violation of [29 U.S.C. § 206]." Section 826.150(a) of the Department of Labor's regulations explain that, under the EPSLA, employers are prohibited from discharging, disciplining, or discriminating against any employee because the employee took paid sick leave. Section 286.150(b) states that an employer who violates the prohibition on discharge, discipline, or discrimination described in subsection (a) is considered to have violated 29 U.S.C. § 215(a)(3).

Section 216(b) states that employers who violate § 206 are liable to the employee "in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." That section also states the employer who violates the FLSA retaliation provisions in § 215(a)(3) shall be liable for appropriate equitable relief, lost wages, and attorneys' fees.

Defendant does not appear to argue that plaintiff cannot state a retaliation claim under EPSLA/FSLA. Rather, defendant argues that only damages outlined in 29 U.S.C. § 216(b) are available, and that defendant says plaintiff's claim for backpay, front pay, interest, and punitive damages are not available. Instead, defendant appears to suggest that plaintiff may only seek the equivalent of minimum wage for some unspecified length of time, doubled as liquidated damages.

Looking to the Department of Labor regulations regarding EPSLA, the DOL incorporated "the enforcement provisions relevant to such violations set forth in [29

5

U.S.C. § 216, 217]." 29 C.F.R. § 826.150(b)(2). Because back pay, front pay, interest, and punitive damages are not set forth in Section 216(b), defendant maintains that those damages are plainly not available. However, 216(b), through its reference to Section 215(a)(3), provides for "lost wages" in retaliation cases; "lost wages" is not defined and appears to be an open-ended term that may include "back pay" and "front pay."

Notably, a Circuit split exists to whether damages not enumerated in Section 216(b) are recoverable in FLSA retaliation claims. *Compare Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928 (11th Cir. 2000) (disallowing punitive damages), *with Travis v. Gary Community Mental Health Ctr.*, 921 F.2d 108 (7th Cir. 1990) (allowing punitive damage). The Eighth Circuit has long-held that the FLSA damages can include prejudgment interest. *Brennan v. Maxey's Yamaha, Inc.*, 513 F.2d 179, 183 (8th Cir. 1975). But the Eighth Circuit has not weighed in as to whether punitive damages are available under the FLSA, and this Court itself has issued split opinions. *Compare Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137, 1143 (E.D. Mo. 2007) (holding FLSA does not allow punitive damages); *Tucker v. Monsanto Co.*, 406-CV-1815 CEJ, 2007 WL 1686957, at *3 (E.D. Mo. June 8, 2007) (holding FLSA does not allow either punitive or emotional distress damages); *with Lewey v. Vi-Jon, Inc.*, 4:11CV1341 JAR, 2012 WL 1859031, at *7 (E.D. Mo. May 22, 2012) ("the FLSA anti-retaliation provision remedy of 'legal relief' encompasses punitive damages.").

Despite this Court's conclusion that "lost wages" appears to be an open-ended term, it does not appear to include punitive damages. In that regard, this Court can look

6

to analogous statutes incorporating the FLSA. In fact, the EPSLA is not the only act to incorporate the FLSA. The Age Discrimination in Employment Act ("ADEA") also provides for enforcement pursuant to FLSA's enforcement sections. *See Fiedler v. Indianhead Truck Line, Inc.*, 670 F.2d 806, 809 (8th Cir. 1982). Notably, the Eighth Circuit held in *Fielder* that because pain and suffering damages were not explicitly available under the FLSA's § 206(b), that they were not available under the ADEA, either. *Id.* In the absence of other guidance from the Eighth Circuit, *Fiedler*'s analysis appears analogous here with respect to plaintiff's punitive damages claim. Because it does not appear punitive damages are explicitly allowed under the FLSA, plaintiff's request for punitive damages will be stricken.

### B.  Count II

Plaintiff's Count II claims defendant violated Missouri public policy in that, in Missouri, "at-will employees may not be terminated for 'acting in a manner public policy would encourage.'" [#1 at ¶ 67 (quoting *Delaney v. Signature Health Care Found.*, 376 S.W.3d 55, 57 (Mo. App. E.D. 2012).)] Defendant argues that Count II must be dismissed because it is preempted by the Missouri Whistleblower Protection Act ("WPA"), § 285.575 RSMo.

The WPA states that it was "intended to codify the existing common law exceptions to the at-will employment doctrine and to limit their future expansion by the courts." § 285.575.3 RSMo. Moreover, the WPA, "in addition to chapter 213 [Missouri Human Rights Act] and chapter 287 [Workers' Compensation Law], shall provide the

7

exclusive remedy for any and all claims of unlawful employment practices." *Id.* Further, "if a private right of action for damages exists under another statutory or regulatory scheme, whether under state or federal law, no private right of action shall exist under this statute." § 285.575.4 RSMo.

Defendant argues that the WPA codified the exception to at-will employment relied upon by plaintiff and replaced the common law with a statute that does not recognize her claim. Indeed, the WPA does not provide explicit protection for "acting in a manner public policy would encourage." The WPA defines a "protected person" as follows:

> an employee of an employer who has reported to the proper authorities an unlawful act of his or her employer; an employee of an employer who reports to his or her employer serious misconduct of the employer that violates a clear mandate of public policy as articulated in a constitutional provision, statute, or regulation promulgated under statute; or an employee of an employer who has refused to carry out a directive issued by his or her employer that if completed would be a violation of the law.

§ 285.575.2(4) RSMo (emphasis added).

Plaintiff contends that the exception upon which she relies was codified into the WPA because the WPA said it "codif[ied] the existing common law exceptions," but such a reading is a stretch. She insists that the Eighth Circuit continued to recognized the exceptions at common law in *Sherman v. Berkadia Commercial Mortgage LLC*, 956 F.3d 526, 534 (8th Cir. 2020), but the complaint there was filed a month before the WPA was enacted. It is apparent that the WPA, the Missouri Human Rights Act, and the Missouri Workers' Compensation Law are the "exclusive remedy for any and all claims of

8

unlawful employment practices." § 285.575.3. *See, e.g.*, *Abts v. Mercy Health*, 4:19-CV-02768 JCH, 2020 WL 2308413, at *5 (E.D. Mo. May 8, 2020), *reconsideration denied*, 4:19-CV-02768 JCH, 2020 WL 3469357 (E.D. Mo. June 25, 2020); *Mucci v. St. Francois County Ambulance Dist.*, 4:19-CV-01868-NCC, 2019 WL 6170721, at *5 (E.D. Mo. Nov. 20, 2019). Plaintiff can thus not maintain a common law claim, and Count II will be dismissed.

In the event this Court agreed that the WPA preempted her common law claim, plaintiff seeks leave to amend her complaint to comport to the WPA. Plaintiff suggests that she "refused to work as a result of her employers' demands after she took steps to address her COVID-19 concerns." [#8 at 13-14.] It is not entirely clear if plaintiff believes she can meet the definition of a "protected person" under the WPA, or if she believes she has a claim under another Missouri statute. Regardless, plaintiff will be permitted 30 days in which to file an amended complaint should she choose to do so.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to strike and dismiss [#6] is GRANTED in part and DENIED in part.

**IT IS FURTHER ORDERED** that plaintiff's prayer for relief seeking punitive damages in Count I is STRICKEN.

**IT IS FURTHER ORDERED** that plaintiff's Count II is DISMISSED, but plaintiff may file an amended complaint in compliance with this Memorandum and Order within 30 days.

Dated this  28th  day of May, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE