UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| HEATHER COOKSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-CV-219-SNLJ |
| | ) |
| ALLIANCE BANK, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

Plaintiff Heather Cooksey brought this lawsuit against defendant Alliance Bank, alleging retaliation under the Emergency Paid Sick Leave Act ("EPSLA"). Defendant moved to dismiss, and this Court granted the motion in part, striking plaintiff's punitive damages request and also dismissing her Count II as preempted by the Missouri Whistleblower's Protection Act ("WPA") with leave to refile. Plaintiff filed an amended complaint, seeking relief under the WPA in place of the dismissed common-law claim. Defendant again moves to dismiss Count II. The motion has been fully briefed and is ready for disposition.

**I.    Factual Background**

For the purposes of this motion to dismiss, the facts alleged in the amended complaint are presumed true. In the spring of 2020, Congress enacted several emergency laws, collectively referred to as the Families First Coronavirus Relief Act (the "FFCRA"), intended to immediately address the various, urgent needs of citizens facing

the global COVID-19 pandemic.  The laws included the Emergency Family and Medical Leave Expansion Act (the "EFMLEA") and the EPSLA.

Plaintiff worked for Alliance Bank as Assistant Vice President/Branch Manager for the New Madrid branch since September 3, 2019.  On July 12, 2020, plaintiff learned that she had been exposed to COVID-19 while attending her mother's funeral on July 9. Plaintiff communicated with her supervisors that her doctor's office advised her to remain under quarantine while she was being tested for and experiencing symptoms of COVID-19.   Plaintiff stayed home from work while under quarantine and awaiting results.  Plaintiff's supervisors sent plaintiff emails asking why she could not return to work, and plaintiff explained that she was awaiting further test results regarding her symptoms.  Plaintiff's doctor "reluctantly" gave her a "Return to Work" form on July 24, allowing plaintiff to return to work on July 27.

Plaintiff returned to work on July 27 and was "chastised" during an hour-long meeting regarding the time off she took while addressing her COVID-19 symptoms and exposure.  She was criticized for not returning to work on July 25 even though her "Return to Work" form advised she should wait until July 27.  Her supervisor also told plaintiff she did not adequately "check in with the team" while she was out.  Supervisors also suggested that plaintiff had not been forthcoming with her COVID-19 symptoms when they asked despite the fact plaintiff says she had told them she had a fever, headache, and sore throat.  Plaintiff was sent home that day instead of being allowed to work. When asked if she were being fired, they told her she was "on probation."

On July 28, plaintiff returned to work and was asked by a supervisor whether she acknowledged that she had done something wrong regarding taking leave related to the COVID quarantine.  She told them that she had not done anything wrong.  Plaintiff was then told to clean out her desk and was terminated.

Plaintiff filed this lawsuit on October 15, 2020, alleging she had been terminated in retaliation for taking leave due to concerns regarding COVID-19.  Count I is for EPSLA retaliation, and Count II is for violation of Missouri's Whistleblower Protection Act.

Defendant has moved to dismiss plaintiff's Count II because, defendant argues, plaintiff cannot establish she is a protected person under the WPA.

**II.    Legal Standard**

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). In addressing a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. *United States ex rel. Ambrosecchia v. Paddock Laboratories, LLC.*, 855 F.3d 949, 954 (8th Cir. 2017).  A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

3

(2007) (abrogating the prior "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 555. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." *Id.* at 555. However, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Cole v. Homier Distributing Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

**III.   Discussion**

As indicated above, plaintiff's original complaint claimed, in Count II, that defendant violated Missouri public policy because "at-will employees may not be terminated for 'acting in a manner public policy would encourage.'" [#1 at ¶ 67 (quoting *Delaney v. Signature Health Care Found.*, 376 S.W.3d 55, 57 (Mo. App. E.D. 2012).)] This Court agreed that such a common-law claim was preempted by the Missouri Whistleblower Protection Act ("WPA"), § 285.575 RSMo.

In such an event, plaintiff sought leave to amend her complaint to comport to the WPA. Plaintiff was granted time to do so, and plaintiff's new complaint includes the claim in Count II that she was discharged because of her status as a "protected person." Defendant denies that plaintiff has successfully alleged her status as a "protected person."

The WPA defines a "protected person" as follows:

[1] an employee of an employer who <u>has reported</u> to the proper authorities an <u>unlawful act of his or her employer</u>; [2] an employee of an employer <u>who</u>

4

<u>reports</u> to his or her employer <u>serious misconduct of the employer that violates a clear mandate of public policy</u> as articulated in a constitutional provision, statute, or regulation promulgated under statute; or [3] an employee of an employer who <u>has refused to carry out a directive issued by his or her employer that if completed would be a violation of the law</u>.

§ 285.575.2(4) RSMo (emphasis added) (bracketed numerals added).

Plaintiff's amended complaint appears to invoke two of the three circumstances contemplated by the WPA:  first, under part two of the statute, that she reported to defendant serious misconduct that violates a clear mandate of public policy, and second, under part three of the statute, that she refused to follow an instruction by defendant that would have violated the law.

Notably, the definition of a "protected person" excludes an employee if the employee made his or her report to the person whom the employee claims committed an unlawful act or public policy violation.  § 285.575.2(4)(b) RSMo.  Defendant contends that plaintiff alleges only that she "communicated with her employer that she refused to carry out a directive which was issued by her employer to return to work" which "concerned conduct by the employer that violated federal law and regulations regarding Covid." [#13 at ¶ 71.]  Reporting defendant's conduct to the defendant, defendant says, falls within the definition's exclusion.

Plaintiff argues that her amended complaint describes communications with and/or complaints made to three individuals—the defendant's President, Vice President, and a Human Resources employee.  It is not clear at this stage of the litigation and from the face of the pleadings that these individuals were the "wrong" people to contact for

5

purposes of the WPA.  However, it is also not clear where, in plaintiff's communications with those individuals, she reported "serious misconduct."  The complaint reflects emails in which bank employees questioned why plaintiff was not returning to work, but nowhere does plaintiff appear to report that their conduct violated public policy, much less any law or regulation.  Therefore, plaintiff does not qualify as a protected person under part two of the statute.

Moving onto the second sort of whistleblowing, plaintiff alleges that she refused to carry out a directive issued by her employer that would, if completed, be a violation of the law.  She alleges that she refused to return to work while experiencing symptoms and under a doctor's orders to quarantine.  Defendant argues that she fails to plead any actual law that would have been violated had she followed defendant's alleged instructions.  Plaintiff responds that the Missouri Department of Health and Senior Services ("DHSS") addresses communicable diseases and matters of quarantine, and that DHSS is authorized by statute and regulation to do so.  Here, DHSS had issued "guidance" as follows:

> A negative result indicates that that person does not have an active infection, but because there is always a potential for false negatives, it does not entirely rule out COVID-19 infection. Therefore, if a negative result seems inconsistent with an individual's symptoms and/or exposure history, consultation with a healthcare professional is recommended, and patients should continue to self-isolate.

[#13 at ¶ 75.]  Plaintiff did not identify where this "guidance" was offered or whether it constitutes a "law" under the WPA. Plaintiff suggests without citation that because DHSS is authorized by statute and regulation to address communicable diseases and matters of quarantine, that this unidentified "guidance" qualifies as a law.  *Compare, e.g.*, *Farrow v.*

6

*Saint Francis Med. Ctr.*, 407 S.W.3d 579 (Mo. banc 2013) (recognizing claim alleging hospital violated standards of medical procedure like the Nursing Practice Act); *Steak N Shake Inc., v. White*, No. 4:18-cv-00072-SRC, 2020 WL 85172 at *12 (E.D. Mo. Jan. 7, 2020) (involving tax fraud and "misuse of funds").  Thus, plaintiff does not qualify as a protected person under part three of the statute.

Because plaintiff pleaded neither that she reported "serious misconduct" nor that that her employer's directive, if followed, would have constituted a violation of law, this Court must dismiss plaintiff's WPA claim.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#14] is GRANTED in part and DENIED in part.

**IT IS FURTHER ORDERED** that plaintiff's Count II is DISMISSED without prejudice.

Dated this  19th  day of October, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE